"O"

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 17 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| 3 POINT DISTRIBUTION, LLC dba EZEKIEL, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CAFEPRESS.COM, INC., a California corporation,<br><br>Defendant.<br><br>CAFEPRESS.COM, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>3 POINT DISTRIBUTION, LLC, dba EZEKIEL, a California limited liability company,<br><br>Counterdefendant. | Case No. SACV 07-0432 AG (ANx)<br><br>[PLAINTIFF'S PROPOSED]<br>PRELIMINARY INJUNCTION |

Pursuant to the Court's Order Granting Plaintiff's Motion for Preliminary Injunction entered February 25, 2008, and in accordance with Rule 65 of the Federal Rules of Civil Procedure,

-1-
[PLAINTIFF'S PROPOSED] PRELIMINARY INJUNCTION

**IT IS ORDERED** that pending final judgment in this case, Defendant CafePress.com, Inc., its officers, directors, servants, employees, attorneys, agents, representatives, brokers, and distributors, and all persons in active concert or participation with it, are restrained and enjoined from:

(a) In response to a website visitor's entry of the word "EZEKIEL" into a search bar at the web site hosted at http://www.cafepress.com, offering for sale, advertising, or otherwise soliciting sales of merchandise by displaying electronically generated images of merchandise adorned with the word "EZEKIEL", whether alone or in combination with any other letters, words, designs, that so resemble Plaintiff's "EZEKIEL" trademarks as to be likely to cause confusion, deception or mistake on, or in connection with, the manufacture, distribution, advertising, offering for sale, and/or sale, of products not belonging to Plaintiff or not authorized by Plaintiff to be sold in connection with Plaintiff's EZEKIEL trademarks;

(b) Using the word "EZEKIEL," whether alone or in combination with any other letters, words, or designs, that so resemble Plaintiff's "EZEKIEL" trademarks as to be likely to cause confusion, deception or mistake on, or in connection with, the manufacture, distribution, advertising, offering for sale, and/or sale, of any product, including t-shirts, sweatshirts, and hats, not belonging to Plaintiff or not authorized by Plaintiff to be sold in connection with Plaintiff's EZEKIEL trademarks;

(c) Enabling others, through Defendant's website or website hosted by Defendant, to offer for sale, sell, advertise or otherwise solicit sales by using the word "EZEKIEL," whether alone or in combination with any other letters, words, or designs, that so

resemble Plaintiff's "EZEKIEL" trademarks as to be likely to cause confusion, deception or mistake on, or in connection with, the manufacture, distribution, advertising, offering for sale, and/or sale, of any product, including t-shirts, sweatshirts, and hats, not belonging to Plaintiff or not authorized by Plaintiff to be sold in connection with Plaintiff's EZEKIEL trademarks;

(d) Shipping, delivering, or distributing products bearing the word "EZEKIEL," whether alone or in combination with any other letters, words, or designs, that so resemble Plaintiff's "EZEKIEL" trademarks as to be likely to cause confusion, deception or mistake on, or in connection with, the manufacture, distribution, advertising, offering for sale, and/or sale, of any product, including t-shirts, sweatshirts, and hats, not belonging to Plaintiff or not authorized by Plaintiff to be sold in connection with Plaintiff's EZEKIEL trademarks.

**IT IS FURTHER ORDERED** that subject to the foregoing, this injunction shall not otherwise restrain or otherwise enjoin use of the word "EZEKIEL" in its primary sense as one's given name, the religious figure or so-entitled book of Judeo-Christian lore.

**IT IS FURTHER ORDERED** that the foregoing injunction shall issue and take effect upon Plaintiff's posting of security in the amount of $1,000,000, which sum shall secure the payment of such costs and damages not to exceed the sum as may be suffered by Defendant if found to be wrongfully restrained;

**IT IS FURTHER ORDERED** that upon receiving notice that the foregoing security has been posted, Defendant shall provide the Court and Plaintiff with the proof of its full compliance with the Injunction no later than fifteen (15) court days.

-3-

[PLAINTIFF'S PROPOSED] PRELIMINARY INJUNCTION

1  **IT IS FURTHER ORDERED** that upon receiving notice that the
2  foregoing security has been posted, Defendant shall notify all of its officers,
3  directors, servants, employees, attorneys, agents, representatives, brokers,
4  and distributors, and all persons in active concert or participation with it of
5  this Injunction.

7  DATED: **MARCH 17**, 2008

ANDREW J. GUILFORD
United States District Judge,
Central District Of California,
Santa Ana Division

-4-
[PLAINTIFF'S PROPOSED] PRELIMINARY INJUNCTION